**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIFFANIE MARIE RINI,<br><br>          Plaintiff,<br><br>     vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>          Defendant. | ) Case No. CV 13-6309-SVW (JPR)<br>)<br>)<br>) ORDER ACCEPTING FINDINGS AND<br>) RECOMMENDATIONS OF U.S.<br>) MAGISTRATE JUDGE<br>)<br>)<br>)<br>)<br>) |

  Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, Joint Stipulation, Administrative Record ("AR"), and all other records on file as well as the Report and Recommendation ("R&R") of the U.S. Magistrate Judge.  On January 26, 2015, Plaintiff filed objections to the R&R, and on April 2, 2015, Defendant filed a response.  The Court has made a de novo determination of those portions of the R&R to which objections have been made.

  Although many of Plaintiff's objections simply repeat arguments in the Joint Stipulation – and therefore the Court does not address them because they were adequately considered in the

1

R&R – certain of her contentions warrant discussion.

As in the Joint Stipulation, Plaintiff contends that the ALJ erred in partially discrediting the opinion of medical expert Dr. Anthony Francis on the ground that he did not review the entirety of Plaintiff's medical records; Plaintiff says the failure to provide the additional medical evidence to the ME was the agency's, not Plaintiff's. (Objections at 3; J. Stip. at 4-5.) Plaintiff asserts that "the magistrate indicated that plaintiff had essentially waived any objection . . . because this issue was not raised on appeal to the Appeals Council" (Objections at 3-4), but in fact the Magistrate Judge found what amounted to waiver based on Plaintiff's entire course of conduct: telling the ALJ that "the records were largely cumulative and showed that Plaintiff was 'status quo'"; "indicat[ing] that she did not want to delay the proceedings" and wanted to go forward with the hearing; failing to "[take] the ALJ up on her offer of a supplemental hearing," even after the ME testified that there was insufficient documentation in the record demonstrating that Plaintiff was disabled by back pain (AR 49); and failing to "raise the issue before the Appeals Council" (R&R at 20), in that Plaintiff addressed the issue of Dr. Francis's lack of access to certain records only in the footnotes of her brief to the Appeals Council, cf. Estate of Saunders v. C.I.R., 745 F.3d 953, 962 n.8 (9th Cir. 2014) (noting that arguments raised only in footnotes are generally waived); (see also AR 236 n.3 (in brief to Appeals Council, Plaintiff describing unavailability of some records to Dr. Francis as "harmless error")). The Magistrate Judge did not err, cf. Marchbanks v. Colvin, No. SA CV 13-1778-AS, 2014 WL

2

5756932, at *1 (C.D. Cal. Nov. 4, 2014) (finding waiver when represented plaintiff failed to raise issue at hearing, seek reconsideration of ALJ's decision, or raise issue before Appeals Council), appeal docketed, No. 14-56896 (9th Cir. Dec. 4, 2014), and Sims v. Apfel, 530 U.S. 103, 108 (2000) (holding that claims need not be raised before Appeals Council to be exhausted), upon which Plaintiff relies, does not hold otherwise. Here, Plaintiff did not raise the issue to the ALJ or the Appeals Council, see id. at 107 ("Whether a claimant must exhaust issues before the ALJ is not before us."); indeed, she affirmatively asked the ALJ not to wait for the rest of the records and did not accept the ALJ's offer to hold another hearing.

Plaintiff appears to argue not that the ME should have been granted access to the additional records, but rather that those records were unnecessary because they would merely have shown – as, Plaintiff contends, did those records the ME reviewed – that Plaintiff was allegedly disabled by her scoliosis. (See Objections at 5; see also AR 38 (at hearing, asserting that records were cumulative and showed that Plaintiff was "status quo"); AR 236 n.3.) Like the exhibits before the ME, however, which he noted were not adequate to permit him to assess her pain (see AR 49), the additional medical exhibits provide no basis for a finding of disability.[1] Rather, they show conservative

---

[1] Although Plaintiff contends that the Magistrate Judge erred in finding that she had submitted no spinal-imaging results (Objections at 5; see R&R at 22), the only evidence of imaging in the record is the notation of April 2009 imaging in the patient-history section of some of Plaintiff's 2009 and 2010 records (see AR 248, 251, 259, 262, 270). The imaging reports themselves are
(continued...)

3

treatment of complaints of low-back and hip pain. (See AR 299, 306, 348.) The ALJ thus reasonably found that although Dr. Francis opined that Plaintiff theoretically might have severe back pain, access to the additional records would likely have dispelled this conjecture. See Matney ex rel. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992) (noting that it is duty of ALJ to resolve conflicts in evidence).

Plaintiff further challenges the ALJ's reliance on the opinions of state-agency physicians L. Schwartz and H. Han over that of treating doctor Eric Mok. (Objections at 2-3; see AR 26-27; R&R at 14.) As explained in the R&R, however, the ALJ gave specific and legitimate reasons for giving "little weight" to Dr. Mok's RFC assessment, including that his assessment was inconsistent with his treatment notes and appeared to pertain to Plaintiff's immediate, rather than her long-term, maximum functional capacity. (R&R at 17-18; see AR 26.) And the ALJ credited the findings of the state-agency doctors only to the extent she found them consistent with the record, imposing greater sitting and postural limitations than those found by Drs. Schwartz and Han. (AR 27.) Plaintiff contends that the opinions of nonexamining physicians cannot by themselves "constitute substantial evidence that justifies rejection of the opinion of either examining physician or treating physician." (Objections at 3 (citing Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1202 (9th Cir. 2008)).) But the ALJ's discounting of Dr.

---

[1](...continued)
not included, and there is no evidence of imaging performed after Plaintiff's August 2010 onset date.

1  Mok's opinion was based on its own limitations, not merely its
2  contradiction by other physicians.  And when an ALJ finds the
3  state-agency physicians' opinions to be consistent with the
4  medical evidence of record, those opinions can constitute
5  substantial evidence.  See Magallanes v. Bowen, 881 F.2d 747,
6  752-53 (9th Cir. 1989).  The Magistrate Judge did not err in
7  upholding the ALJ's reliance on the state-agency doctors'
8  opinions rather than that of Dr. Mok.  See Bray v. Comm'r of Soc.
9  Sec. Admin., 554 F.3d 1219, 1227-28 (9th Cir. 2009) (upholding
10 RFC determination when ALJ relied on state-agency physician's
11 opinion over that of treating physician).
12     Plaintiff also contends that the ALJ erred in discounting
13 her credibility on the basis of her statements to doctors
14 suggesting that she was still working in November and December
15 2010.  (Objections at 6-7.)  The speculation of Plaintiff's
16 counsel as to how Plaintiff's statement about work might have
17 been taken out of context by Plaintiff's doctors is not supported
18 by any evidence.  In any event, when the evidence is susceptible
19 of more than one rational interpretation, the ALJ's conclusion
20 must be upheld.  Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir.
21 2005).  The record suggests that Plaintiff either misrepresented
22 to the ALJ the date upon which she stopped working or
23 misrepresented to her doctors that she continued to work (and
24 suffer pain during and after the workday) after she had stopped.
25 Regardless, inconsistencies in Plaintiff's statements were a
26 valid basis upon which to discount her credibility.  See
27 Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008).
28     Plaintiff has indisputably undergone significant back

treatment. But the ALJ did not err in finding that Plaintiff failed to meet her burden to establish that her back impairment has at any point been disabling, let alone that it became disabling in August 2010, or in finding that that was a valid basis upon which to discredit Plaintiff's claims of disabling back pain. As the caselaw instructs, "[i]f the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Reddick v. Chater, 157 F.3d 715, 720-21 (9th Cir. 1996). The Magistrate Judge did not err in recommending that the Commissioner be affirmed.

    Having reviewed the record, the Court concurs with and accepts the Magistrate Judge's recommendations. IT THEREFORE IS ORDERED that judgment be entered affirming the decision of the Commissioner and dismissing this action.

DATED: March 30, 2016

                                      STEPHEN V. WILSON
                                      U.S. DISTRICT JUDGE